**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

**Case No.**

**ELIZABETH PERRY,**

Plaintiff, **JURY TRIAL DEMANDED**

v. **INJUNCTIVE RELIEF SOUGHT**

**LVNV FUNDING LLC,** and
**RESURGENT CAPITAL SERVICES LP,**

Defendants.
________________________________________/

## COMPLAINT

Plaintiff Elizabeth Perry ("Plaintiff") sues LVNV Funding LLC and Resurgent Capital Services LP (collectively, the "Defendants") for violations of the Florida Consumer Collection Practices Act ("FCCPA") and Fair Debt Collection Practices Act ("FDCPA").

## JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

2. Venue in this District is proper because Plaintiff resides here, Defendants transact business here, and the complained conduct of Defendants occurred here.

## PARTIES

3. Plaintiff is a natural person, and a citizen of the State of Florida, residing in Sarasota County, Florida.

4. Defendant LVNV Funding LLC ("LVNV") is a Delaware limited liability company, with its principal place of business located in Greenville, South Carolina.

5. Defendant Resurgent Capital Services LP ("Resurgent") is a Delaware limited partnership, with its principal place of business located in Greenville, South Carolina.

## DEMAND FOR JURY TRIAL

6. Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

## ALLEGATIONS

7. The debt at issue in this action is an obligation allegedly had by Plaintiff to pay money arising from a transaction between the original creditor of the Consumer Debt, Synchrony Bank, and Plaintiff (the "Consumer Debt").

8. In particular, the Consumer Debt relates to unsecured line of credit.

9. On June 14, 2024, Synchrony Bank was notified in writing (the "Notice") that: **[1]** Plaintiff was represented by an attorney with respect to the Consumer Debt; **[2]** Plaintiff revoked any consent Synchrony Bank had to

communicate with Plaintiff directly; **[3]** Synchrony Bank was not to contact Plaintiff directly; and **[4]** any correspondence should be sent to Plaintiff's attorney.

10. Synchrony Bank received the Notice on June 14, 2024.

11. Attached as Exhibit "A" is the Notice.

12. Upon receipt of the Notice, Synchrony Bank knew that it could not communicate with Plaintiff directly in connection with the collection of the Consumer Debt.

13. Upon receipt of the Notice, Synchrony Bank knew Plaintiff was represented by an attorney with respect to the Consumer Debt.

14. Upon receipt of the Notice, Synchrony Bank knew it could not attempt to collect the Consumer Debt from Plaintiff directly.

15. By and through the Notice, Synchrony Bank had knowledge of, or can readily ascertain, the name of Plaintiff's attorney name and the address of Plaintiff's attorney.

16. On a date better known by Synchrony Bank and LVNV, Synchrony Bank sold the Consumer Debt to LVNV, whereby LVNV became the creditor of the Consumer Debt.

17. Synchrony Bank's decision to sell the Consumer Debt to LVNV was based on, in part, the fact that Plaintiff was represented by an attorney with respect to the Consumer Debt.

18. The price LVNV paid to Synchrony Bank for the rights associated with the Consumer Debt was influenced, in part, by the fact that Plaintiff was represented by an attorney with respect to the Consumer Debt.

19. As part of the sale of the Consumer Debt from Synchrony Bank to LVNV, Synchrony Bank disclosed to LVNV that Plaintiff was represented by an attorney with respect to the Consumer Debt, Plaintiff disputed the debt, and provided LVNV with sufficient information to determine the name and contact information of Plaintiff's attorney.

20. As part of the sale of the Consumer Debt from Synchrony Bank to LVNV, Synchrony Bank provided LVNV with, among other things, copies of the documents it (LVNV) received from Plaintiff, of which includes the Notice.

21. LVNV is a business entity engaged in the business of soliciting consumer debts for collection.

22. LVNV is a business entity engaged in the business of collecting consumer debts.

23. LVNV regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

24. LVNV is registered with the Florida Office of Financial Regulation as a "Consumer Collection Agency."

25. LVNV's "Consumer Collection Agency" license number is CCA9902540.

26. LVNV maintains all the records specified in Rule 69V-180.080, Florida Administrative Code.

27. The records specified by Rule 69V-180.080, Florida Administrative Code, of which Resurgent does maintain, are current to within one week of the current date.

28. LVNV knew it (LVNV) could not communicate with Plaintiff directly in an attempt to collect the Consumer Debt because such information was provided to LVNV by Synchrony Bank, because LVNV was provided a copy of the Notice, because LVNV is required to possess and otherwise maintain the Notice as part of Plaintiff's file pursuant Florida Administrative Code Rule 69V-180.080, and because the price LVNV paid to become the creditor of the Consumer Debt was directly influenced by the fact Plaintiff was represented by an attorney.

29. Despite knowing that Plaintiff was represented by an attorney with respect to the Consumer Debt and that LVNV was not permitted to contact Plaintiff directly, LVNV contracted with Resurgent to collect, or attempt to collect, the Consumer Debt from Plaintiff.

30. In contracting with Resurgent to collect, or attempt to collect, the Consumer Debt from Plaintiff, LVNV disclosed to Resurgent that, *among other*

*things*: [1] the existence of the Consumer Debt; [2] the creditor of the Consumer Debt; and [3] the amount of the Consumer Debt.

31. In contracting with Resurgent to collect, or attempt to collect, the Consumer Debt from Plaintiff, LVNV disclosed to Resurgent that, *among other things*: [1] Plaintiff disputed the Consumer Debt; [2] Plaintiff was represented by an attorney with respect to the Consumer Deb; [3] Plaintiff disputed the Consumer Debt; and [4] provided Resurgent with information sufficient to allow Resurgent to readily ascertain the name of Plaintiff's attorney name and the address of Plaintiff's attorney.

32. On a date better known by Defendants, Resurgent, on behalf of LVNV, began attempting to collect the Consumer Debt from Plaintiff.

33. Resurgent is a business entity engaged in the business of soliciting consumer debts for collection.

34. Resurgent is a business entity engaged in the business of collecting consumer debts.

35. Resurgent regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

36. Resurgent is registered with the Florida Office of Financial Regulation as a "Consumer Collection Agency."

37. Resurgent's "Consumer Collection Agency" license number is CCA0900145.

38. Resurgent maintains all the records specified in Rule 69V-180.080, Florida Administrative Code.

39. The records specified by Rule 69V-180.080, Florida Administrative Code, of which Resurgent does maintain, are current to within one week of the current date.

40. For Resurgent's "Consumer Collection Agency" license to remain valid, Resurgent is required to maintain, *at minimum*, all records specified in Rule 69V-180.080, Florida Administrative Code, and keep such records current within one week of the current date.

41. Rule 69V-180.080(3)(e) of the Florida Administrative Code commands that Resurgent *shall* maintain: "[t]he debtor's account of activity disclosing… a record of payments made by the debtor, including the date received and the amount and balance owing."

42. Rule 69V-180.080(9)(a)-(b) of the Florida Administrative Code commands that Resurgent *shall* maintain: "basic information about the debt including, at minimum… [d]ocumentation of the debt provided by the creditor," as well as "[t]he date the debt was incurred and the date of the last payment."

43. Despite knowing that Plaintiff was represented by an attorney with respect to the Consumer Debt and Plaintiff could not be contacted directly, LVNV, by and through Resurgent, sent Plaintiff a letter, internally dated May 24, 2026, (the "Collection Letter") in an attempt to collect the Consumer Debt.

44. Attached as Exhibit "B" is a copy of the Collection Letter.

45. The Collection Letter is a communication from LVNV by and through Resurgent.

46. The Collection Letter is a communication from LVNV to Plaintiff in connection with the collection of the Consumer Debt.

47. The Collection Letter is a communication from Resurgent to Plaintiff in connection with the collection of the Consumer Debt.

48. The Collection Letter represents an action to collect a debt by LVNV.

49. The Collection Letter represents an action to collect a debt by Resurgent.

50. The Collection Letter fails to disclose or communicate that the Consumer Debt is disputed.

51. Receiving the Collection Letter caused Plaintiff to waste time.

52. Plaintiff would not have received the Collection Letter and expended time deliberating what action was required in respond to the Collection Letter had

Defendants communicated directly with Plaintiff's attorney as requested by Plaintiff in the Notice.

53. Plaintiff wasted time opening and reviewing the Collection Letter, as well as wasted time questioning why Plaintiff received the Collection Letter instead of Plaintiff's attorney.

54. The Collection Letter caused Plaintiff to be confused as to why Plaintiff was receiving direct communications regarding the Consumer Debt, as Plaintiff knew Synchrony Bank was notified that Plaintiff was represented by an attorney, disputed the Consumer Debt, and that all communications concerning the Consumer Debt was to be directed to Plaintiff's attorneys.

**COUNT 1**
**VIOLATION OF FLA. STAT. § 559.72(18)**
(against LVNV)

55. Plaintiff incorporates by reference paragraphs 7 through 54 of this Complaint.

56. Section 559.72, Fla. Stat., of the FCCPA contains nineteen subsections and otherwise codifies an extensive list of acts and/or omissions that the FDCPA does not explicitly prohibit. Accordingly, in collecting consumer debts, it is unlawful for any person to: "[c]*ommunicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can*

*readily ascertain, such attorney's name and address*…." Fla. Stat. §559.72(18) (emphasis added).

57. As stated above, LVNV knew Plaintiff was represented by an attorney with respect to the Consumer Debt upon purchasing of the Consumer Debt from Synchrony Bank. Despite such knowledge, LVNV communicated and/or contact Plaintiff directly, by and through the Collection Letter it (LVNV) contracted with Resurgent to send, in connection with the collection of the Consumer Debt.

58. At minimum, Resurgent acted with apparent authority in attempting to collect the Consumer Debt on LVNV's behalf. Resurgent sought to collect the Consumer Debt from Plaintiff because Resurgent had contracted by LVNV for the provision of such services.

59. LVNV purposely provided Resurgent with the information to collect the Consumer Debt from Plaintiff, of which included Plaintiff's contact information, the nature of the Consumer Debt, and the amount purportedly owed by Plaintiff.

60. As such, the above-mentioned violation of § 559.72(18) is the result of Resurgent's acts and/or omissions, whereby such acts and/or omission occurred within the scope and course of agency between Resurgent and LVNV, and as a result, LVNV is vicariously liable for such FCCPA violation.

61. Accordingly, LVNV violated Fla. Stat. § 559.72(18) by communicating directly with Plaintiff in connection with the collection of Consumer Debt *via* the Collection Letter it (LVNV) contracted with Resurgent to send to Plaintiff.

62. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against LVNV, awarding Plaintiff the following relief: **[1]** Statutory and actual damages as provided under Fla. Stat. § 559.77(2); **[2]** An injunction prohibiting LVNV from engaging in further collection activities directed at Plaintiff that are in violation of the FCCPA; **[3]** Costs and reasonable attorneys' fees pursuant to Fla. Stat. § 559.77(2); and **[4]** Any other relief that this Court deems appropriate under the circumstances.

**COUNT 2**
**VIOLATION OF 15 U.S.C. § 1692c(a)(2)**
(against LVNV)

63. Plaintiff incorporates by reference paragraphs 7 through 54 of this Complaint.

64. Pursuant to § 1692c(a)(2) of the FDCPA, "…a debt collector may not communicate with a consumer in connection with the collection of any debt … if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address." 15 U.S.C. § 1692c(a)(2).

65. As stated above, LVNV knew Plaintiff was represented by an attorney with respect to the Consumer Debt upon its (LVNV's) purchase of the Consumer Debt from Synchrony Bank. Despite such knowledge, LVNV communicated and/or contact Plaintiff directly, by and through the Collection Letter it (LVNV) contracted with Resurgent to send, in connection with the collection of the Consumer Debt.

66. At minimum, Resurgent acted with apparent authority in attempting to collect the Consumer Debt on LVNV's behalf. Resurgent sought to collect the Consumer Debt from Plaintiff because Resurgent had contracted by LVNV for the provision of such services.

67. LVNV purposely provided Resurgent with the information to collect the Consumer Debt from Plaintiff, of which included Plaintiff's contact information, the nature of the Consumer Debt, and the amount purportedly owed by Plaintiff.

68. As such, the above-mentioned violation of the FDCPA is the result of Resurgent's acts and/or omissions, whereby such acts and/or omission occurred within the scope and course of agency between Resurgent and LVNV, and as a result, LVNV is vicariously liable for such FCCPA violation.

69. Accordingly, LVNV violated § 1692c(a)(2) of the FDCPA by communicating with Plaintiff in connection with the collection of Consumer Debt *via* the Collection Letter.

70. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against LVNV, awarding Plaintiff the following relief: [1] statutory and actual damages as provided by 15 U.S.C. § 1692k; [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k; and [3] any other relief that this Court deems appropriate under the circumstances.

**COUNT 3**
**VIOLATION OF FLA. STAT. § 559.72(6)**
(against LVNV)

71. Plaintiff incorporates by reference paragraphs 7 through 54 of this Complaint.

72. Section 559.72, Fla. Stat., of the FCCPA contains nineteen subsections and otherwise codifies an extensive list of acts and/or omissions that the FDCPA does not explicitly prohibit. Accordingly, in collecting consumer debts, it is unlawful for any person to: "*[d]isclose information concerning the existence of a debt known to be reasonably disputed by the debtor without disclosing that fact.*" Fla Stat. § 559.72(6) (emphasis added).

73. As stated above, LVNV knew Plaintiff disputed the Consumer Debt and, nonetheless, contracted with Resurgent to collect, or attempt to collect the Consumer Debt from Plaintiff. In so doing, LVNV disclosed to Resurgent the existence of the Consumer Debt, that the Consumer Debt was owed to LVNV by Plaintiff; and that Plaintiff did not pay the Consumer Debt and/or defaulted on the

Consumer Debt. Thus, to the extent Resurgent claims it *was not* notified by LVNV that Plaintiff disputed the Consumer Debt, LVNV violated § 559.72(6) by failing to disclose to Resurgent that fact when contracting with Resurgent to collect, or attempt to collect the Consumer Debt.

74. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against LVNV, awarding Plaintiff the following relief: **[1]** Statutory and actual damages as provided under Fla. Stat. § 559.77(2); **[2]** An injunction prohibiting LVNV from engaging in further collection activities directed at Plaintiff that are in violation of the FCCPA; **[3]** Costs and reasonable attorneys' fees pursuant to Fla. Stat. § 559.77(2); and **[4]** Any other relief that this Court deems appropriate under the circumstances.

**COUNT 4**
**VIOLATION OF 15 U.S.C. § 1692c(a)(2)**
(against Resurgent)

75. Plaintiff incorporates by reference paragraphs 7 through 54 of this Complaint.

76. Pursuant to § 1692c(a)(2) of the FDCPA, "…a debt collector may not communicate with a consumer in connection with the collection of any debt … if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address." 15 U.S.C. § 1692c(a)(2).

77. As set forth above, in contracting with Resurgent to collect, or attempt to collect, the Consumer Debt, LVNV informed Resurgent that Plaintiff was represented by an attorney with respect to the Consumer debt and provided Resurgent with information sufficient to allow Resurgent to readily ascertain the name of Plaintiff's attorney name and the address of Plaintiff's attorney.

78. Accordingly, Resurgent violated § 1692c(a)(2) of the FDCPA by communicating directly with Plaintiff in connection with the collection of Consumer Debt *via* the Collection Letter.

79. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Resurgent, awarding Plaintiff the following relief: [1] statutory and actual damages as provided by 15 U.S.C. § 1692k; [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k; and [3] any other relief that this Court deems appropriate under the circumstances.

**COUNT 5**
**VIOLATION OF 15 U.S.C. § 1692e(8)**
(against Resurgent)

80. Plaintiff incorporates by reference paragraphs 7 through 54 of this Complaint.

81. Pursuant to § 1692e(8) of the FDCPA, debt collectors are prohibited from communicating with "any person credit information which is known or which

should be known to be false, including the failure to communicate that a disputed debt is disputed." 15 U.S.C. § 1692e(8).

82. As set forth above, Resurgent knew that Plaintiff disputed the Consumer Debt because LVNV disclosed this information to Resurgent when contracting with Resurgent to collect or attempt to collect the Consumer Debt from Plaintiff. Despite knowing this, Resurgent communicated and/or contact Plaintiff directly, by and through the Collection Letter, in connection with the collection of the Consumer Debt and failed to disclose that the Consumer Debt was disputed.

83. Thus, Resurgent violated § 1692e(8) of the FDCPA by failing to communicate and/or disclose in the Collection Letter that the Consumer Debt is disputed.

84. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Resurgent, awarding Plaintiff the following relief: [1] statutory and actual damages as provided by 15 U.S.C. § 1692k; [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k; and [3] any other relief that this Court deems appropriate under the circumstances.

## COUNT 6
## VIOLATION OF FLA. STAT. § 559.72(18)
(against Resurgent)

85. Plaintiff incorporates by reference paragraphs 7 through 54 of this Complaint.

86. Section 559.72, Fla. Stat., of the FCCPA contains nineteen subsections and otherwise codifies an extensive list of acts and/or omissions that the FDCPA does not explicitly prohibit. Accordingly, in collecting consumer debts, it is unlawful for any person to: "[c]*ommunicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address*…." Fla. Stat. §559.72(18) (emphasis added).

87. As stated above, Resurgent knew Plaintiff was represented by an attorney with respect to the Consumer Debt because such information was disclosed to it by LVNV and/or through the documentation and/or information it (Resurgent) maintains to possess a valid consumer collection agency license in Florida. Despite such knowledge, however, Resurgent communicated and/or contact Plaintiff directly, by and through the Collection Letter, in connection with the collection of the Consumer Debt.

88. Accordingly, Resurgent violated Fla. Stat. § 559.72(18) by communicating directly with Plaintiff in connection with the collection of Consumer Debt *via* the Collection Letter.

89. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Resurgent, awarding Plaintiff the following relief: **[1]** Statutory and actual damages as provided under Fla. Stat. § 559.77(2); **[2]** An injunction

prohibiting Resurgent from engaging in further collection activities directed at Plaintiff that are in violation of the FCCPA; **[3]** Costs and reasonable attorneys' fees pursuant to Fla. Stat. § 559.77(2); and **[4]** Any other relief that this Court deems appropriate under the circumstances.

DATED: August 19, 2026

Respectfully Submitted,

/s/ Talal Rashid

**TALAL RASHID, ESQ.**
Florida Bar No. 1010307
E-mail: Talal@pzlg.legal
PATTI ZABALETA LAW GROUP
110 SE 6th Street, 17th Floor
Fort Lauderdale, Florida 33301
Phone: 305-332-6201

*COUNSEL FOR PLAINTIFF*